EX PARTE LEROY WILLIAMS

No. 29,040. May 8, 1957.

Relator's Motion for Rehearing Overruled June 12, 1957.
Relator's Second Motion for Rehearing Overruled
(Without Written Opinion) June 29, 1957.

*W. C. Hancock*, Pittsburg, for relator.

*Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

When relator's appeal was before this court, 164 Texas Cr. Rep. 137, 296 S.W. 2d 781, we refused to give consideration to or make a determination of his contention that his conviction should be set aside because he had entered his plea of guilty upon the representation of his counsel that the district attorney had agreed that he would be given a five-year suspended sentence. Our refusal to consider that contention was based upon our conclusion that the question had not been properly preserved in the trial court in that the motion for new trial under and by which the

matter was attempted to be raised and presented to the trial court was not sworn to by the relator.

By writ of habeas corpus presented to the judge of the district court of Camp County, the court in which the conviction was obtained, realtor attacks the judgment of conviction as being void for the reason above stated.

The judge of said court granted the writ, developed the facts, and has certified same to this court for determination, as contemplated by Art. 119, C.C.P.

The judgment of conviction was offered in evidence. It showed that all the requisites prescribed by Art. 501, C.C.P., were complied with when relator entered his plea of guilty. Indeed, the trial court found in that judgment that the relator was not influenced to enter his plea of guilty by "any persuasion or delusive hope of pardon prompting him to confess his guilt."

This finding by the trial court and relator's contention that he entered the plea because of the representation and agreement that he was to receive a suspended sentence are adverse one to the other. Both cannot be correct.

So then, relator is under the burden of establishing the truth of his contention to the point of overturning the finding of the trial court in the judgment.

We look, first, to the facts that are not disputed in the record before us:

Upon interrogation by his attorney, relator testified as follows:

"[Q. Why did you plead guilty to that charge?] A. Well, you told me if I plead guilty I would get a five year suspended sentence.

"[Q. Didn't I tell you that I had an agreement with the District Attorney that you would get a five year suspended sentence if you plead guilty?] A. Yes, sir."

The attorney representing the relator corroborated his testimony. We quote from the testimony of the attorney, as follows:

"On the morning we tried the case Judge Williams called me and asked me to come down and we would take up this case and get it disposed of, and I came down to the place where the Negro was working and told him to come on up here, and I told him again that we had agreed that he would plead guilty and take a five year suspended sentence and he said that would be alright with him, and we came on into the Court room, and I told Judge Williams again about the agreement to let him plead guilty and take a five year suspended sentence, and I did it because I had an understanding with the District Attorney that the Negro would take a five year suspended sentence. Now I know that I am foolish, and all that but I don't let a man plead guilty that way without having an agreement."

The "Judge Williams" there referred to was the trial judge. He did not testify upon this hearing.

The following testimony of the relator's attorney is not disputed:

"And when the docket was called I advised Judge Sam Williams that he had agreed on a five year suspended sentence in this case and that it wouldn't be necessary to set this case, that we would take it up any time he had a jury present and he could call me and I would come down and have the Negro enter his plea of guilty and get it disposed of, and I think Mr. Olds was in the courtroom when that happened."

The attitude of the district attorney, as reflected by his testimony, is one of complete candor and frankness. While denying that there was any positive agreement between him and counsel for relator that he (relator) would receive a suspended sentence, the district attorney admitted that relator's attorney was justified in believing there was such an agreement, and he testified, upon interrogation by the relator's counsel, as follows:

"[Q. It was our understanding that I would plead the Negro guilty and he would receive a five year suspended sentence?] A. That was your understanding and it was what I expected."

The testimony of the district attorney leads to but one conclusion, and that is that he thought and believed that the relator would receive at the hands of the jury a suspended sentence, which was perfectly agreeable to him and not contested. Indeed, at the trial proper the case was not argued by counsel for either

the state or the relator. The district attorney made no contest of the suspended sentence before the jury. All parties appeared to have been surprised when the jury did not suspend the sentence.

Under the circumstances here presented, equity would strongly suggest that relator should not be required to serve the sentence imposed, but the equitable bill of review has no application in a criminal case. McLean v. State, 146 Texas Cr. Rep. 95, 171 S.W. 2d 889.

It has been the consistent holding of this court that the writ of habeas corpus may be invoked to secure relief against a final conviction in a criminal case only when the judgment of conviction is void. The authorities attesting the rule will be found in 19 Texas Digest, Habeas Corpus, Keys 29 and 30, pages 184 and 185.

The attack which the relator here makes upon the judgment is collateral and does not render the judgment void. Certainly is that true where, as here, the judgment shows upon its face that it is in all things valid.

The relief sought by the relator cannot be adjudicated upon a writ of habeas corpus.

Accordingly, the relief prayed for is denied.

ON RELATOR'S MOTION FOR REHEARING

WOODLEY, Judge.

In its last analysis relator's contention is that his plea of guilty, made after the trial judge had properly admonished him, was no plea in law because his attorney had prior thereto advised him that he would receive a suspended sentence.

It is clearly shown that relator's counsel and the district attorney were both confident that the jury would recommend a suspension of sentence and that relator's counsel understood that the district attorney had so agreed.

Both counsel appear to have acted in the utmost good faith, but neither was clothed with the authority to assess the punishment or to bind the jury in regard to suspending the sentence.

There was no agreement that recommendations would be made to the jury which, if not followed, would result in the granting of a new trial.

Relator's motion for rehearing is overruled.