Aresteo L. BENAVIDES, Appellant,

v.

The STATE of Texas, Appellee.

Albert F. GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

Juan SOLIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 44253–44255.

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

Rehearing Denied Feb. 2, 1972.

Royal D. Adams, Robert Mitchell, San Antonio (on appeal only), for appellants.

Ted Butler, Dist. Atty., Earl C. Hill and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for robbery by assault; the punishment for each appellant, five years.

Each appellant contends that he was induced to change his plea from not guilty to guilty during the course of the trial because he believed that he would be granted probation when sentenced.

Cleo Munoz, two other co-defendants and the appellants, Aresteo L. Benavides, Albert F. Garcia and Juan Solis, were indicted for the same offense in six separate indictments, bearing the same case number. Each appellant here was represented during trial by separate retained counsel of his own choice. All five co-defendants, on trial together before a jury, entered pleas of not guilty. After three days devoted to jury selection and trial, the State rested its case in chief.

The appellants, Benavides, Garcia and Solis each waived a jury; entered a plea of guilty before the court. The indictments against the other two defendants on trial were dismissed.

The trial court properly admonished each of the appellants as to the consequences of his plea of guilty and each appellant persisted in his plea of guilty, which was accepted by the court. On a finding of guilty, the court assessed the punishment of each appellant at five years. Each appellant had filed his application for probation. The court delayed sentencing of each appellant until he could obtain a pre-sentence report from the probation officer.

The court sentenced each appellant and refused to grant him probation, after receiving the probation officer's report.

The trial court held a hearing on each appellant's claim that he had been induced to change his plea, believing that he would be granted probation. The proceedings in the hearings are before us.

Each appellant's testimony at that hearing on cross-examination was as follows:

*Testimony of Benavides:*

"Q. Mr. Benavides, let me see if I understand what you have told us.

"When you decided to change your plea and plead guilty you did it with your lawyer, is that correct?

"A. Yes.

"Q. And if anybody promised you anything it was your lawyer?

"A. Yes.

"Q. But then all he told you was that you were eligible for probation?

"A. Yes.

"Q. That you had a chance for probation?

"A. Yes.

"Q. And you were pleading guilty to get that chance for probation?

"A. Yes, sir.

"Q. Now, did the judge ever walk up to you and tell you that you were going to get probation?

"A. No, sir.

"Q. Did the judge ever promise you that you were going to get probation?

"A. No, sir.

"Q. Did I ever walk up to you and tell you you were going to get probation?

"A. No, sir.

"Q. Did I ever promise you probation?

"A. No, sir.

"Q. Did the Probation Officer promise you probation?

"A. No, sir.

"Q. Did anybody promise you probation?

"A. No, sir."

*Testimony of Garcia:*

"Q. Did Judge Benavides promise that he was going to give you probation?

"A. No, sir.

"Q. Did I promise as the Prosecutor in the case, that I was going to give you probation?

"A. No, sir.

"Q. Did your lawyer . . . promise you that he was going to give you probation?

"A. No, sir.

"Q. All he told you was that he told you you had a good chance for probation because you didn't have a prior conviction, is that right?

"A. Yes, sir.

"Q. You took your chances, just like everybody else?

"A. Right."

*Testimony of Solis:*

"Q. You are Juan Solis, is that correct?

"A. Yes, sir.

"Q. During the course of the trial did I talk to you at any time?

"A. No.

"Q. So I take it, I probably didn't promise you any probation?

"A. No, you didn't promise me anything.

"Q. Did the judge promise you probation?

"A. No.

"Q. Did the Probation Officer promise you probation?

"A. No.

"Q. Did anybody promise you probation? Right off the bat?

"A. Not promised me, no."

We find that the contention of each of the appellants that he was induced to change his plea from not guilty to guilty and that such plea was involuntarily made by him in the belief that probation would be granted is not shown by the record. There is no testimony from either of the appellants that he was promised probation by anyone in return for his plea of guilty. There is no testimony from either appellant that he relied upon any assurance of defense counsel that he would be granted probation in return for his plea of guilty. Although there may be some evidence that defense counsel may have indicated to appellants that they would receive probation, the defense attorneys were not clothed with the authority to bind the court to the granting of probation. See Relator's Motion for Rehearing, Ex Parte Williams, 165 Tex.Cr.R. 130, 303 S.W.2d 403 (Tex.Cr. App.1957) and Simpson v. State, 455 S.W. 2d 290 (Tex.Cr.App.1970).

We find that the record discloses that each appellant voluntarily and understandingly entered his plea of guilty. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

The appellants have raised grounds of error, including the trial court's refusal to grant a continuance, a denial of motion for severance and other related grounds. These grounds of error need not be further considered, as we have already found that each appellant's plea of guilty was volun-

tarily and understandingly made. See Graham v. State, 466 S.W.2d 587 (Tex.Cr.App. 1971); Fierro v. State, 437 S.W.2d 833 (Tex.Cr.App.1969); Hoskins v. State, 425 S.W.2d 825 (Tex.Cr.App.1967); Andrade v. State, 470 S.W.2d 194 (Tex.Cr.App. 1971). See also Chambers v. Beto, 5th Cir., 428 F.2d 791; Lamb v. Beto, 5th Cir., 423 F.2d 85; Farmer v. Beto, 5th Cir., 421 F.2d 184; Rice v. United States, 420 F.2d 863, cert. den. 398 U.S. 910, 90 S.Ct. 1705, 26 L.Ed.2d 70. Cf. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

The judgment is affirmed.

Opinion approved by the Court.