

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00111-CR
_____

BILLY MAX COLLINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 14018

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

Billy Max Collins has filed an attempted appeal from a ruling denying his petition seeking a "Bill of Review" of his 1997 criminal conviction for driving while intoxicated. He asked the trial court to enter an acquittal, based on his claim that double jeopardy should have prevented the second prosecution of the allegations against him after a 1995 mistrial due to a hung jury on the same charge.

Collins appealed from that conviction to the Twelfth Court of Appeals, which later dismissed his appeal on his request. The record provided to this Court also shows that he sought post-conviction habeas relief from the Texas Court of Criminal Appeals and that his request was denied.

The right to appeal is conferred by the Legislature. *Rushing v. State*, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002). A party may appeal only that which the Legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993); *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981).

The Legislature has limited available collateral post-conviction remedies to that of habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure through the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007). The Texas Court of Criminal Appeals and lower courts have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. [ANN.] art. 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim.

App. 1996); *accord In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding).

Further, there is authority explicitly holding that the equitable bill of review has no application in a criminal case. *Ex parte Williams*, 165 Tex. Crim. 130, 303 S.W.2d 403, 405 (1957), *overruled on other grounds by Ex parte Taylor*, 522 S.W.2d 479 (Tex. Crim. App. 1975); *see McLean v. State*, 146 Tex. Crim. 95, 171 S.W.2d 889, 890 (1943) (holding that bill of review has no application to criminal cases and only available remedies are appeal or resort to writ of habeas corpus).

The notice of appeal is not from a judgment of conviction—but from the denial of a bill of review. We have reviewed the order at bar and can find no authority permitting us to conclude that it is a type of order which the Legislature has set out as being appealable, and the authorities cited above mandate to the contrary. We therefore have no jurisdiction over the appeal.

We dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:     June 25, 2008
Date Decided:       June 26, 2008

Publish

3