

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00131-CR

_____

JASON BLAKENEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. 2009-094

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jason Blakeney has filed an attempted appeal from a ruling denying his petition seeking a "Bill of Review" of his 2002 criminal conviction for murder, claiming that the judgment should be set aside because counsel offered to pay him the sum of $8,000.00 for pleading guilty, which sum was not paid, and therefore fraud was committed against him.

The right to appeal is conferred by the Legislature. *Rushing v. State*, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002). A party may appeal only that which the Legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993); *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981).

The Legislature has limited available collateral post-conviction remedies to that of habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure through the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008). The Texas Court of Criminal Appeals and lower courts have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. [ANN.] art. 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *accord In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding).

Further, there is authority explicitly holding that the equitable bill of review has no application in a criminal case. *Ex parte Williams*, 165 Tex. Crim. 130, 303 S.W.2d 403, 405 (1957),

2

*overruled on other grounds by Ex parte Taylor*, 522 S.W.2d 479 (Tex. Crim. App. 1975); *Collins v. State*, 257 S.W.3d 816 (Tex. App.—Texarkana 2008, no pet.); *see McLean v. State*, 146 Tex. Crim. 95, 171 S.W.2d 889, 890 (1943) (holding that bill of review has no application to criminal cases and only available remedies are appeal or resort to writ of habeas corpus).

The notice of appeal is not from a judgment of conviction—but from the denial of a bill of review. We have reviewed the order at bar and can find no authority permitting us to conclude that it is a type of order which the Legislature has set out as being appealable, and the authorities cited above mandate to the contrary. We therefore have no jurisdiction over the appeal.

We dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:     June 25, 2009
Date Decided:       June 26, 2009

Do Not Publish