

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00076-CR

_____

IN RE:
BILLY CHARLES JOHNSTON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

When we received Billy Charles Johnston's petition for writ of mandamus directed at the Honorable Eric Clifford, presiding judge of the Sixth Judicial District Court, we invited Judge Clifford's response concerning Johnston's request for a transcription of a 1997 pretrial hearing. Judge Clifford has advised, among other things, that "the transcripts and/or notes of the court reporter do not exist." Because we will not require that an impossibility be ordered, we deny Johnston's petition.

Johnston's petition seeks a writ of mandamus directing Judge Clifford to grant his motion to compel preparation of a reporter's record of a September 3, 1997, hearing at which the trial court denied a defense motion for continuance. Johnston states that, pursuant to a plea agreement, he pled guilty to attempted capital murder and received a forty-five year sentence. After he failed in his efforts to purchase a transcription of the thirteen-year-old pretrial hearing, Johnston filed a motion to compel with the trial court February 16, 2011. In the motion to compel, Johnston claimed he had a due process right to purchase[1] a transcription and requested that the trial court order the preparation of the transcription. The trial court denied Johnston's motion to compel February 23, 2011.

To be entitled to mandamus relief, a relator must show that he or she has no adequate

---

[1]Johnston is not claiming he is entitled to a free record. The Texas Court of Criminal Appeals has held the right to a free copy of a record is limited to a direct appeal. *Ex parte Trainer*, 181 S.W.3d 358, 359 (Tex. Crim. App. 2005).

remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

Johnston is not entitled to mandamus relief. Johnston argues he is entitled to purchase a transcription of the pretrial hearing because the district clerk has a duty to maintain the untranscribed notes for fifteen years, and he has a due process right to purchase the transcript.

The preservation of the notes of a court reporter are governed by Section 52.046(a)(4) of the Texas Government Code and Rule 13.6 of the Texas Rules of Appellate Procedure. *Banks v. State*, 312 S.W.3d 42, 43 (Tex. App.—Dallas 2008, pet. ref'd). Section 52.046(a) requires a court reporter, if requested, to "preserve the notes for future reference for three years from the date on which they were taken." TEX. GOV'T CODE ANN. § 52.046(a)(4) (Vernon 2005). Rule 13.6 of the Texas Rules of Appellate Procedure addresses the duties of the trial court clerk:

> When a defendant is convicted and sentenced . . . the court reporter must—within 20 days after the time to perfect the appeal has expired—file the untranscribed notes or the original recording of the proceeding with the trial court clerk. The trial court clerk need not retain the notes beyond 15 years of their filing date.

TEX. R. APP. P. 13.6. Rule 13.6 became effective September 1, 1997—two days before the pretrial hearing at issue. *See Banks*, 312 S.W.3d at 44 n.2.

Although the notes should still be preserved by the trial court clerk, the notes were not preserved according to the response of the trial court. In his reply, Johnston argues a transcript does exist because he was able to obtain a copy of the guilty plea hearing on August 7, 2002.[2] While this transcription indicates at least some of the court reporter's notes were in existence in 2002, that fact does not establish that there exists any transcription or any untranscribed notes of the continuance hearing. In the intervening eight years, the notes may have been destroyed, and notes of different hearings may have been handled differently.

Johnston has not provided this Court with any evidence that the district clerk still has copies of transcription, the untranscribed notes, or a recording of the continuance hearing. Johnston has failed to demonstrate any error in the trial court's assertion that the court reporter's notes no longer exist.

It is not necessary for this Court to determine whether the failure to preserve the notes for fifteen years violated Johnston's due process rights.[3] Because the untranscribed notes of the court reporter no longer exist, no action by this Court could deliver the record Johnston seeks. We will

---

[2]Johnston attached a transcription of the guilty plea hearing to his response. We note that this transcription specifies that the guilty plea hearing was held on June 5, 1997. Johnston claims the date on the transcription is incorrect. For the purposes of this mandamus, we will assume the transcription is of the guilty plea hearing, which Johnston states occurred on September 5, 1997.

[3]The United States Supreme Court has recognized some "rough accommodations" can be made which do not violate the Equal Protection Clause of the Fourteenth Amendment. *See Norvell v. Illinois*, 373 U.S. 420, 424 (1963) (death of court reporter). We express no opinion concerning whether Johnston's due process rights were violated.

not require the trial court to issue an order that is impossible to follow.   Such an order would be an exercise in futility.   A writ of mandamus will not issue if it would be useless or unavailing, or if the ultimate object sought to be accomplished is impossible of attainment.  *See In re Perez*, Nos. 13-10-00067-CR & 13-10-00068-CR, 2010 Tex. App. LEXIS 1890 (Tex. App.—Corpus Christi  Mar. 12, 2010, orig. proceeding) (mem. op., not designated for publication) (denying mandamus when court reporter's notes no longer exist); *see also Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding); *In re Charleston*, No. 06-10-00037-CR, 2010 Tex. App. LEXIS 3509 (Tex. App.—Texarkana May 12, 2010, orig. proceeding) (mem. op., not designated for publication); *A Am. Stamp & Novelty Mfg. Co. v. Wettman*, 658 S.W.2d 241, 243 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding).

For the reasons stated, we deny Johnston's petition for writ of mandamus.[4]

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 23, 2011
Date Decided:       May 24, 2011

Publish

---

[4]Johnston also requested the trial court to order a new trial. We express no opinion concerning whether Johnston would be entitled to a new trial. To the extent Johnston is requesting this Court to order the trial court to grant a new trial, mandamus is not the appropriate remedy. The Texas Court of Criminal Appeals has held "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *accord In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding).

In his reply, Johnston also requests that this Court assess sanctions against the trial court. *See* TEX. R. APP. P. 52.11(c). Rule 52.11 permits an appellate court to assess sanctions on a party or attorney who is not acting in good faith. *Id*. "An appellate court should exercise the discretion afforded by Rule 52.11 with caution and only after careful deliberation." *In re Cooper*, 320 S.W.3d 905, 911 (Tex. App.—Texarkana 2010, orig. proceeding). Not only do we not conclude any wrongdoing by the trial court, we are not willing to exercise our discretion under Rule 52.11 to assess sanctions against the trial court.