02-10-174-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00174-CV

 

 


 
 
 Edwin H. Witherspoon
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 State of Texas d/b/a Tarrant County, Texas
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 153rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

Appellant
Edwin H. Witherspoon attempts to appeal the trial court’s order dismissing his
bill of review.  Because the bill of review Witherspoon filed in the trial
court seeks to set aside his underlying felony conviction and thirty-year
sentence, we do not have jurisdiction over this appeal.[2]

II. 
Background

          On
October 5, 2009, Witherspoon—an inmate in the Texas Department of Criminal
Justice proceeding pro se—filed in the trial court a document titled, “Action
at Equity for Bill of Review Seeking Remedy/Relief from Judgments; or in the
alternative, Action Ex Delicto[[3]] Seeking Cancellation of
Judgments, Supercedeas, and Unconditional Release.”  Witherspoon alleged in
that pleading that he was arrested, detained, and indicted; that he pleaded
guilty; and that judgment was entered against him by the 213th Judicial
District Court of Tarrant County, Texas.  Witherspoon received a thirty-year
sentence.

Witherspoon
further alleged that the judgment against him is void because, among other
things, there was no meeting of the minds.  According to Witherspoon, because
bonds for criminal defendants are in actuality commercial transactions, the
commercial nature of the transaction should have been disclosed to him, and the
nondisclosure rendered his judgment void.  In his prayer, Witherspoon pleaded
that “he is a victim of EXTRINSIC FRAUD, and that the judgment procured in
cause number: C-213-006486-0781056-A [is] thereby VOID.” 

          On
May 10, 2010, the trial court dismissed Witherspoon’s lawsuit, finding that no
defendant had been served and that Witherspoon’s claims were frivolous.  See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b) (West 2002) (granting
trial courts authority to sua sponte dismiss inmate lawsuits as frivolous if
they meet the statutory standards).  Witherspoon filed a notice of appeal after
filing a motion for rehearing and requesting and receiving findings of fact and
conclusions of law.

III. 
Discussion

          Code
of criminal procedure article 11.07 sets forth the procedure for applicants
seeking relief from felony judgments imposing penalties other than death, and
it states in relevant part:  “After conviction the procedure outlined in this
Act shall be exclusive and any other proceeding shall be void and of no force
and effect in discharging the prisoner.”  Tex. Code Crim. Proc. Ann. art. 11.07
§§ 1, 5 (West Supp. 2011).  In Ex Parte Mendenhall, Mendenhall filed an
“Application for Common Law Writ of Audita Querela,” which the court defined as
a “writ available to a judgment debtor who seeks a rehearing of a matter on
grounds of newly discovered evidence or newly existing legal defenses.”  209
S.W.3d 260, 260–61 & n.1 (Tex. App.—Waco 2006, no pet.) (quoting Black’s
Law Dictionary 141 (8th ed. 2004)).  Mendenhall alleged that the judgment
against him violated the separation of powers provision of the Texas
constitution and that he had been denied due process and due course of law, and
the court wrote that “Mendhenhall seeks by writ of audita querela to have his felony
conviction set aside.”  Id. at 261.  However, the court also held that
“an article 11.07 writ of habeas corpus is the exclusive means to accomplish
this objective in a collateral proceeding.”  Id.  Thus, the court
dismissed Mendenhall’s appeal for lack of jurisdiction.  Id.

          In
Collins v. State, Collins filed a bill of review and contended that his
1997 driving while intoxicated conviction should have been set aside on double
jeopardy grounds.  See 257 S.W.3d 816, 816 (Tex. App.—Texarkana 2008, no
pet.).  Dismissing Collins’s appeal for lack of jurisdiction, the court noted
the unavailability of a bill of review in criminal cases and wrote that the
“Legislature has limited [the] available collateral post-conviction remedies to
that of habeas corpus” pursuant to article 11.07.  Id. at 817 (citing Ex
parte Williams, 165 Tex. Crim. 130, 303 S.W.2d 403, 405 (1957), overruled
on other grounds by Ex parte Taylor, 522 S.W.2d 479, 480 n.1 (Tex. Crim. App.
1975)).

          It
is clear from Witherspoon’s bill of review pleading that, like the defendants
in Mendenhall and Collins, he wishes to have his underlying
criminal conviction and thirty-year sentence set aside.  But Witherspoon may
seek that post-conviction relief only pursuant to article 11.07.  See Tex.
Code Crim. Proc. Ann. art. 11.07 §§ 1, 5; Collins, 257 S.W.3d at 817; Mendenhall,
209 S.W.3d at 260–61; cf. Tex. Code Crim. Proc. Ann. art. 11.072 (West
2005) (setting forth procedure for attempting to set aside felony or
misdemeanor conviction involving community supervision).  This court is
therefore without jurisdiction to hear Witherspoon’s attempted appeal.  Collins,
257 S.W.3d at 817; Mendenhall, 209 S.W.3d at 260–61.

IV. 
Conclusion

          Because
code of criminal procedure article 11.07 provides Witherspoon’s exclusive
post-conviction procedure for setting aside his felony conviction and sentence,
we dismiss this appeal for lack of jurisdiction.  See Tex. R. App. P.
43.2(f).

 

PER CURIAM

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  November 10,
2011









[1]See Tex. R. App. P. 47.4.





[2]Also pending before the
court is Witherspoon’s “Request for Extension of Time and Access to Court with
Order.”  Given our determination that we do not have jurisdiction over
Witherspoon’s attempted appeal, we dismiss the motion as moot.





[3]“Ex delicto” means
“arising from a crime or tort.”  Black’s Law Dictionary 649 (9th ed. 2009).