

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00174-CV

EDWIN H. WITHERSPOON                                       APPELLANT

V.

STATE OF TEXAS D/B/A TARRANT                              APPELLEE
COUNTY, TEXAS

----------

## FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Edwin H. Witherspoon attempts to appeal the trial court's order dismissing his bill of review. Because the bill of review Witherspoon filed in the

---

[1]*See* Tex. R. App. P. 47.4.

trial court seeks to set aside his underlying felony conviction and thirty-year sentence, we do not have jurisdiction over this appeal.[2]

## II. Background

On October 5, 2009, Witherspoon—an inmate in the Texas Department of Criminal Justice proceeding pro se—filed in the trial court a document titled, "Action at Equity for Bill of Review Seeking Remedy/Relief from Judgments; or in the alternative, Action Ex Delicto[3] Seeking Cancellation of Judgments, Supercedeas, and Unconditional Release." Witherspoon alleged in that pleading that he was arrested, detained, and indicted; that he pleaded guilty; and that judgment was entered against him by the 213th Judicial District Court of Tarrant County, Texas. Witherspoon received a thirty-year sentence.

Witherspoon further alleged that the judgment against him is void because, among other things, there was no meeting of the minds. According to Witherspoon, because bonds for criminal defendants are in actuality commercial transactions, the commercial nature of the transaction should have been disclosed to him, and the nondisclosure rendered his judgment void. In his prayer, Witherspoon pleaded that "he is a victim of EXTRINSIC FRAUD, and that

---

[2]Also pending before the court is Witherspoon's "Request for Extension of Time and Access to Court with Order." Given our determination that we do not have jurisdiction over Witherspoon's attempted appeal, we dismiss the motion as moot.

[3]"Ex delicto" means "arising from a crime or tort." Black's Law Dictionary 649 (9th ed. 2009).

2

the judgment procured in cause number: C-213-006486-0781056-A [is] thereby VOID."

On May 10, 2010, the trial court dismissed Witherspoon's lawsuit, finding that no defendant had been served and that Witherspoon's claims were frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b) (West 2002) (granting trial courts authority to sua sponte dismiss inmate lawsuits as frivolous if they meet the statutory standards). Witherspoon filed a notice of appeal after filing a motion for rehearing and requesting and receiving findings of fact and conclusions of law.

### III. Discussion

Code of criminal procedure article 11.07 sets forth the procedure for applicants seeking relief from felony judgments imposing penalties other than death, and it states in relevant part: "After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner." Tex. Code Crim. Proc. Ann. art. 11.07 §§ 1, 5 (West Supp. 2011). In *Ex Parte Mendenhall*, Mendenhall filed an "Application for Common Law Writ of Audita Querela," which the court defined as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." 209 S.W.3d 260, 260–61 & n.1 (Tex. App.—Waco 2006, no pet.) (quoting Black's Law Dictionary 141 (8th ed. 2004)). Mendenhall alleged that the judgment against him violated the separation of powers provision of the Texas constitution

3

and that he had been denied due process and due course of law, and the court wrote that "Mendhenhall seeks by writ of audita querela to have his felony conviction set aside." *Id.* at 261. However, the court also held that "an article 11.07 writ of habeas corpus is the exclusive means to accomplish this objective in a collateral proceeding." *Id.* Thus, the court dismissed Mendenhall's appeal for lack of jurisdiction. *Id.*

In *Collins v. State*, Collins filed a bill of review and contended that his 1997 driving while intoxicated conviction should have been set aside on double jeopardy grounds. *See* 257 S.W.3d 816, 816 (Tex. App.—Texarkana 2008, no pet.). Dismissing Collins's appeal for lack of jurisdiction, the court noted the unavailability of a bill of review in criminal cases and wrote that the "Legislature has limited [the] available collateral post-conviction remedies to that of habeas corpus" pursuant to article 11.07. *Id.* at 817 (citing *Ex parte Williams*, 165 Tex. Crim. 130, 303 S.W.2d 403, 405 (1957), *overruled on other grounds by Ex parte Taylor*, 522 S.W.2d 479, 480 n.1 (Tex. Crim. App. 1975)).

It is clear from Witherspoon's bill of review pleading that, like the defendants in *Mendenhall* and *Collins*, he wishes to have his underlying criminal conviction and thirty-year sentence set aside. But Witherspoon may seek that post-conviction relief only pursuant to article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07 §§ 1, 5; *Collins*, 257 S.W.3d at 817; *Mendenhall*, 209 S.W.3d at 260–61; *cf.* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005) (setting forth procedure for attempting to set aside felony or misdemeanor conviction involving

4

community supervision).  This court is therefore without jurisdiction to hear Witherspoon's attempted appeal.  *Collins*, 257 S.W.3d at 817; *Mendenhall*, 209 S.W.3d at 260–61.

## IV. Conclusion

Because code of criminal procedure article 11.07 provides Witherspoon's exclusive post-conviction procedure for setting aside his felony conviction and sentence, we dismiss this appeal for lack of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  November 10, 2011

5