

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00024-CR

_____

IN RE:   BILLY JOE PATTON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Billy Joe Patton filed a petition for bill of review[1] in the 8th Judicial District Court of Hopkins County, Texas. When he received no response, Patton filed this petition for writ of mandamus seeking an order compelling the trial judge to answer his petition for bill of review. Because Patton seeks a remedy unavailable in criminal cases, we deny his petition.

The equitable bill of review has no application in a criminal case. *Ex parte Williams*, 303 S.W.2d 403, 405 (Tex. Crim. App. 1957) (orig. proceeding), *overruled on other grounds by Ex parte Taylor*, 522 S.W.2d 479 (Tex. Crim. App. 1975) (orig. proceeding); *see McLean v. State*, 171 S.W.2d 889, 890 (Tex. Crim. App. 1943) (per curiam) (holding bill of review has no application to criminal cases); *see Collins v. State*, 257 S.W.3d 816, 817 (Tex. App.—Texarkana 2008, no pet.).

A writ of mandamus will not issue if it would be useless or unavailing, or if the ultimate object sought to be accomplished is impossible of attainment. *In re Johnston*, 346 S.W.3d 710 (Tex. App.—Texarkana 2011, orig. proceeding); *In re Perez*, Nos. 13–10–00067–CR & 13–10–00068–CR, 2010 WL 1019659, 2010 Tex. App. LEXIS 1890 (Tex. App.—Corpus Christi Mar. 12, 2010, orig. proceeding) (mem. op., not designated for publication) (denying mandamus when court reporter's notes no longer exist); *see also Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding) (citing *Holcombe v. Fowler*, 9 S.W.2d 1028 (Tex. 1928)); *In re Charleston*, No. 06–10–00037–CR, 2010 WL 1878690, 2010 Tex. App. LEXIS 3509 (Tex.

---

[1] Patton also filed an amended petition for bill of review and a brief supporting his petition.

2

App.—Texarkana May 12, 2010, orig. proceeding) (mem. op., not designated for publication); *A Am. Stamp & Novelty Mfg. Co. v. Wettman*, 658 S.W.2d 241, 243 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding).

Here, Patton seeks a remedy that is unavailable in criminal cases. Accordingly, we deny Patton's petition for writ of mandamus.[2]

Jack Carter
Justice

Date Submitted: February 27, 2012
Date Decided: February 28, 2012

Do Not Publish

---

[2]Patton also requested that this Court enter "its own judgment to Reverse the unlawful sentences and conviction, and enter an Order of a full acquittal . . . ." To the extent Patton is requesting this Court to enter its own orders regarding the merits of his conviction and/or sentence, mandamus is not the appropriate remedy. The Texas Court of Criminal Appeals has held "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *In re Johnston*, 346 S.W.3d 710 (Tex. App.—Texarkana 2011, orig. proceeding); *accord In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding).