Opinion filed September 20,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00144-CV

                                                    __________

 

                               TOMMY
LEE JACKSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                       Trial
Court Cause No. 5997

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Tommy
Lee Jackson has filed a pro se notice of appeal from an order denying his bill
of review.  Upon receiving the clerk’s record, it became apparent to this court
that Jackson was attempting to challenge his 1984 murder conviction by bill of
review.  The clerk of this court then notified Jackson that it did not appear
this court had jurisdiction to entertain his appeal because the bill of review
related to a criminal conviction.  We requested that Jackson respond and show
grounds to continue the appeal.  Jackson has filed a response addressing the
jurisdictional issue.  We disagree with Jackson’s assertions regarding
jurisdiction and dismiss this appeal.  

            A
bill of review has no application in a criminal case; the only available
remedies are an appeal from the judgment of conviction or a writ of habeas
corpus.  McLean v. State, 171 S.W.2d 889 (Tex. Crim. App. 1943); Collins
v. State, 257 S.W.3d 816 (Tex. App.—Texarkana 2008, no pet.).  The
exclusive postconviction remedy for a final felony conviction in a Texas court
is through a writ of habeas corpus filed pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012).  Olivo
v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996).  Because the
notice of appeal filed by Jackson in this case is from the denial of a bill of
review in which he sought to challenge his criminal conviction, we have no
jurisdiction to consider the appeal.  See Collins, 257 S.W.3d at 817.

            The
appeal is dismissed for want of jurisdiction.

 

                                                                                                PER
CURIAM

 

September 20,
2012

Panel[1]
consists of: Wright, C.J.,

McCall, J., and Hill.[2]

 









                [1]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.