**Opinion filed September 20, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-12-00144-CV

_____

## TOMMY LEE JACKSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 5997**

## M E M O R A N D U M   O P I N I O N

Tommy Lee Jackson has filed a pro se notice of appeal from an order denying his bill of review. Upon receiving the clerk's record, it became apparent to this court that Jackson was attempting to challenge his 1984 murder conviction by bill of review. The clerk of this court then notified Jackson that it did not appear this court had jurisdiction to entertain his appeal because the bill of review related to a criminal conviction. We requested that Jackson respond and show grounds to continue the appeal. Jackson has filed a response addressing the

jurisdictional issue. We disagree with Jackson's assertions regarding jurisdiction and dismiss this appeal.

A bill of review has no application in a criminal case; the only available remedies are an appeal from the judgment of conviction or a writ of habeas corpus. *McLean v. State*, 171 S.W.2d 889 (Tex. Crim. App. 1943); *Collins v. State*, 257 S.W.3d 816 (Tex. App.—Texarkana 2008, no pet.). The exclusive postconviction remedy for a final felony conviction in a Texas court is through a writ of habeas corpus filed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012). *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996). Because the notice of appeal filed by Jackson in this case is from the denial of a bill of review in which he sought to challenge his criminal conviction, we have no jurisdiction to consider the appeal. *See Collins*, 257 S.W.3d at 817.

The appeal is dismissed for want of jurisdiction.

PER CURIAM

September 20, 2012

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.