# NO. 12-16-00147-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: CARL WADE CURRY,* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

## MEMORANDUM OPINION
### PER CURIAM

Relator Carl Wade Curry filed a petition for writ of mandamus directing the trial court to rule on Relator's bill of review. Relator has not filed an appendix or a record in this proceeding. *See* TEX. R. APP. P. 52.3(k), 52.7(a). However, he alleges in his mandamus petition that he filed a bill of review in the trial court to obtain relief from an illegal sentence.

Appellant was convicted of felony theft and sentenced to eighteen years of imprisonment. This Court affirmed his conviction. *See generally* **Curry v. State**, No. 12-11-00397-CR, 2013 WL 6157573 (Tex. App.–Tyler Nov. 21, 2013, no pet.) (mem. op., not designated for publication). Relator did not file a petition for discretionary review, and this Court issued its mandate on May 2, 2014. Thus, Appellant's felony conviction is final, and the trial court's general jurisdiction over Relator's underlying criminal case has expired. *See* **State v. Patrick**, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (plurality op.) (general jurisdiction not restored in trial court when conviction affirmed on appeal and mandate issued).

After its general jurisdiction expires, a trial court has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute, such as finding facts in a habeas corpus setting or determining entitlement to DNA testing. *Id*. A bill of review is an equitable proceeding and an independent cause of action to set aside a civil judgment that is no longer appealable or subject to challenge by a motion for new trial. *See* **Wembley Inv. Co. v. Herrera**, 11 S.W.3d 924, 926-27 (Tex. 1999). A bill of review

has no application to criminal cases. ***Ex parte Williams***, 303 S.W.2d 403, 405 (Tex. Crim. App. 1957), *overruled on other grounds by **Ex parte Taylor***, 522 S.W.2d 479 (Tex. Crim. App. 1975); ***McLean v. State***, 171 S.W.2d 889, 890 (Tex. Crim. App. 1943); ***Collins v. State***, 257 S.W.3d 816, 817 (Tex. App.–Texarkana 2008, no pet.). Therefore, ruling on a bill of review is not one of the functions specified by statute that falls within a trial court's special or limited jurisdiction after a final conviction.

To be entitled to mandamus relief in a criminal case, a relator must establish that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. ***State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana***, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The trial court in this case does not have jurisdiction to rule on Relator's bill of review. *See **Ex parte Williams***, 303 S.W.2d at 405; ***McLean***, 171 S.W.2d at 890; ***Collins***, 257 S.W.3d at 817. Therefore, Relator has not shown that the trial court has a ministerial duty to do so. Accordingly, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered May 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 27, 2016**

**NO. 12-16-00147-CR**

**CARL WADE CURRY,**
Relator
V.
**HON. KERRY RUSSELL,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **CARL WADE CURRY**, who is the defendant in Cause No. 007-0415-11, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on May 20, 2016, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*