**DISMISSED; Opinion Filed August 9, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00896-CR
No. 05-16-00897-CR
No. 05-16-00898-CR
No. 05-16-00899-CR

**TROY LEE PERKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-00645-S, F07-71769-S, F07-71970-S & F07-71990-S**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Myers

Troy Lee Perkins pleaded guilty to four aggravated robbery offenses. In accordance with his plea agreements with the State, he was sentenced to twelve years in prison in each case. The sentences were imposed in open court in January 2008, and appellant did not timely appeal his convictions. The Court has before it appellant's July 29, 2016 "pro se original motion for appeal of 'bill of review' in the 282nd Judicial District Court" in which appellant attempts to assert his convictions are void. We conclude we lack jurisdiction over these appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and

determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant).

Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). A bill of review is an equitable proceeding and an independent cause of action to set aside a civil judgment that is no longer appealable or subject to challenge. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999). *See also* TEX. R. CIV. P. 329b(f). A bill of review has no application in a criminal proceeding; it is not a proper procedure for challenging a criminal conviction, nor is it a final judgment in a criminal case that would give a court of appeals jurisdiction. *McLean v. State*, 171 S.W.2d 889, 890 (Tex. Crim. App. 1943).

Because the notices of appeal filed by appellant are from the denial of bills of review in which he sought to challenge each of his four convictions, we have no jurisdiction to consider these appeals. *See Collins v. State*, 257 S.W.3d 816, 817 (Tex. App.—Texarkana 2008, no pet.).

We dismiss these appeals for want of jurisdiction.


/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160896F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TROY LEE PERKINS, Appellant

No. 05-16-00896-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-00645-S.
Opinion delivered by Justice Myers, Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 9th day of August, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TROY LEE PERKINS, Appellant

No. 05-16-00897-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-71769-S.
Opinion delivered by Justice Myers, Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 9th day of August, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TROY LEE PERKINS, Appellant

No. 05-16-00898-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-71970-S.
Opinion delivered by Justice Myers, Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 9th day of August, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

TROY LEE PERKINS, Appellant

No. 05-16-00899-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-71990-S.
Opinion delivered by Justice Myers, Justices Stoddart and Whitehill participating.

        Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 9th day of August, 2016.