# NOS. 12-19-00253-CR
# 12-19-00254-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOE FREDERICK,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

Joe Frederick, acting pro se, appeals from his felony convictions for aggravated sexual assault of a child in trial court cause numbers 007-80374-97 and 007-80375-97.[1]  Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within ninety days if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, sentence was imposed on September 10, 1999, in both cases.  Appellant filed his notice of

---

[1] On June 13, 2001, the Texas Court of Criminal Appeals denied Appellant's application for writ of habeas corpus, without written order. *See Ex parte Frederick*, No. 48,155-01 (Tex. Crim. App. June 13, 2001).  The Court of Criminal Appeals also denied or dismissed subsequent habeas applications. *See Ex parte Frederick*, No. 48,155-02 (Tex. Crim. App. May 20, 2009); *Ex parte Frederick*, No. 48,155-03 (Tex. Crim. App. March 31, 2010); *Ex parte Frederick*, No. 48,155-04 (Tex. Crim. App. March 31, 2010); *Ex parte Frederick*, No. 48,155-05 (Tex. Crim. App. November 22, 2017); *Ex parte Frederick*, No. 48,155-06 (Tex. Crim. App. November 22, 2017); *Ex parte Frederick*, No. 48,155-07 (Tex. Crim. App. July 18, 2018); *Ex parte Frederick*, No. 48,155-08 (Tex. Crim. App. July 18, 2018). On February 8, 2019, the Texas Supreme Court denied Appellant's petition for writ of mandamus. *See In re Frederick*, No. 18-0942 (Tex. Feb. 8, 2019).

appeal on July 12, 2019, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On July 17, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeals would be dismissed unless the information was amended on or before July 29 to show this Court's jurisdiction. In response, Appellant explains that he filed a "Motion for Court to Take Judicial Notice Pursuant to Texas Rules of Court, Rule 201" on grounds that the trial court used an ex post facto law to convict him, but the trial court refused to rule on the motion. He maintains that the indictments are void and the trial court lacked jurisdiction, making his convictions void.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." **State ex rel. Lykos v. Fine**, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[2] *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. **Olivo**, 918 S.W.2d at 525 n. 8; **Collins v. State**, 257 S.W.3d 816, 817 (Tex. App.—Texarkana 2008, no pet.). Accordingly, we **dismiss** Appellant's appeals for **want of jurisdiction**. *See* TEX. R. APP. P. 43.2(f). All pending motions are **overruled as moot**.

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See* **Ater v. Eighth Court of Appeals**, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* **Kossie v. State**, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-19-00253-CR**

**JOE FREDERICK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-80374-97)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-19-00254-CR**

**JOE FREDERICK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-80375-97)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*