**DENIED and Opinion Filed November 1, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00690-CV**

**IN RE PAUL A. PROPES JR., Relator**

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-82537-08**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Paul A. Propes Jr. petitions the Court for a writ of mandamus contending the trial court has failed to rule on his pending motion for a bill of review. We deny relief.

Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires relator to file with the petition "a certified or sworn copy of every document that is material to the relator's

claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has not filed a copy of the motion for a bill of review for which he seeks a ruling. The motion for bill of review is a "document that is material to the relator's claim for relief" filed in his underlying case. TEX. R. APP. P. 52.7(a)(1). Furthermore, the other documents relator files to support his claims, judgments and small excerpts of the reporter's record from his trial, are not certified or sworn copies as required by rules 52.3 and 52.7. Without a sufficient and properly authenticated record, relator cannot show he is entitled to mandamus relief. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).

Moreover, even if relator filed the necessary supporting record, he would not be entitled to mandamus relief. To obtain mandamus relief in a criminal case, relator must show that he seeks to compel the trial court to perform a ministerial act and that he has no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013, orig. proceeding). To obtain mandamus relief for the trial court's failure to rule on a motion, the relator must show the trial court has a legal duty to rule on the motion, was asked to rule on the motion, and refused to do so within a reasonable time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.).

In this case, relator cannot show the trial court has a legal duty to rule on the motion and thus failed to perform a ministerial act. After the trial court's plenary

jurisdiction expires, it does not retain general jurisdiction over a case. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (plurality op.). The trial court retains limited jurisdiction to address certain matters such as ensuring that a higher court's mandate is carried out, fact finding on habeas applications, and determining whether a convicted person is entitled to post-conviction DNA testing. *Id.*

Relator, convicted of felony offenses, is not entitled to file a bill of review to challenge his convictions. See *Collins v. State*, 257 S.W.3d 816, 817 (Tex. App.— Texarkana 2008, no pet.); *see also Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996 (habeas proceeding under article 11.07 is exclusive post-conviction remedy in final felony convictions); *Perkins v. State*, No. 05-16-00896-CR, 2016 WL 4217958, at *1 (Tex. App.—Dallas Aug. 9, 2016, no pet.) (mem. op., not designated for publication) (bill of review has no application in criminal proceeding and does not provide jurisdictional basis for appeal); *In re Curry*, No. 12-16-00147-CR, 2016 WL 3063338, at *1 (Tex. App.—Tyler May 27, 2016, orig. proceeding) (per curiam) (mem. op., not designated for publication) (denying mandamus relief on ground trial court has no jurisdiction to consider bill of review and thus no ministerial duty to act). Thus, because the trial court has no jurisdiction to consider relator's bill of review, it has no legal duty to act on appellant's motion and has not violated a ministerial duty entitling relator to mandamus relief. *See Collins*, 257 S.W.3d at 817; *see also Curry*, 2016 WL 3063338, at *1.

We deny the petition for writ of mandamus.

210690f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE