**In re Davie HARRISON, Sr.**

No. 06–06–00021–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 15, 2006.

Decided Feb. 16, 2006.

Davie Harrison, Sr., Pampa, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Justice CARTER.

Davie Harrison, Sr., has filed a petition for writ of mandamus requesting this Court to vacate or set aside the judgment convicting Harrison of burglary. We deny Harrison's petition because an application for a writ of habeas corpus under Article 11.07 is the more appropriate remedy for post-conviction relief.

On November 14, 1994, Harrison pled guilty to burglary pursuant to a negotiated

plea agreement. Harrison asserts that, on October 3, 2005, he filed an application for a writ of habeas corpus [1] under Article 11.07 of the Texas Code of Criminal Procedure along with a motion to recuse and a motion of disqualification. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005). On October 18, 2005, Harrison filed a motion for a recusal hearing and alleges he has never received notice of the motion being filed.[2] In his petition for writ of mandamus, Harrison alleges that Judge Leon Pesek, Sr.,[3] violated Article 30.01 of the Texas Code of Criminal Procedure by presiding over his guilty plea when his son, Leon Pesek, Jr., was the district attorney.[4] *See* TEX.CODE CRIM. PROC. ANN. art. 30.01 (Vernon Supp.2005). Harrison requests that this Court vacate or set aside the judgment because the trial court lacked jurisdiction due to the alleged violation of Article 30.01 and, therefore, the judgment is allegedly void. In the alternative, Harrison requests that we order the trial court to vacate or set aside the judgment.

 Under Texas law, the sole method for a collateral attack on a felony conviction is through an application for a writ of habeas corpus. The procedure set forth in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the conviction is final and the applicant is confined by virtue of his or her felony conviction. *See Ex parte Adams,* 768 S.W.2d 281, 287 (Tex.Crim.App.1989); *McBride v. State,* 114 S.W.3d 556, 557 (Tex.App.-Austin 2002, no pet.); *see also* TEX.CODE CRIM. PROC. ANN. art. 11.07; *cf. Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.,* 910 S.W.2d 481, 483 (Tex.Crim.App.1995). Mandamus is an extreme remedy and will not be granted unless no other remedy at law exists. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Because a writ of habeas corpus is a more appropriate vehicle to bring this collateral attack, Harrison is not entitled to a writ of mandamus.[5]

For the reasons stated, we deny Harrison's petition for writ of mandamus.

1. Harrison is not complaining that the trial court failed to act on the application for a writ of habeas corpus. The Texas Court of Criminal Appeals dismissed Harrison's application for a writ of habeas corpus on January 4, 2006. *See Ex parte Harrison,* No. WR–32,087–12 (Tex.Crim.App. Jan. 4, 2006).

2. In his response, Judge John F. Miller states he referred the motion to recuse to Judge Ovard, the administrative judge for the region, who appointed Judge Burgess on October 18, 2005. In addition, Judge Miller notes that Judge Leon Pesek, Sr., is no longer serving on the bench.

3. This Court takes judicial notice that Judge Leon Pesek, Sr., had already retired from the bench by the time of Harrison's guilty plea. The record reflects that Judge Leon Pesek, Sr., was sitting by assignment for the 102nd Judicial District Court.

4. Leon Pesek, Jr., signed the indictment in this case as the district attorney. However, the record indicates that James Elliot prosecuted the case for the Bowie County district attorney's office. There is no evidence that Leon Pesek, Jr., participated in the case beyond signing the indictment. Harrison presents no evidence that Leon Pesek, Jr., prosecuted or appeared as attorney for the State in this case.

5. We note that mandamus may issue to set aside a lower court order that is void as a matter of law because the court lacks jurisdiction. *See State ex rel. Millsap v. Lozano,* 692 S.W.2d 470, 482 (Tex.Crim.App.1985). However, Harrison is complaining that his final conviction is void rather than an order is void.