In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00116-CV


______________________________





IN RE: BILLY JOE PATTON





 

 

Original Mandamus Proceeding




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Billy Joe Patton has filed in this Court a petition for writ of mandamus on a number
of bases. We note that this Court has recently disposed of some of the claims he raises
in this petition in a previously issued opinion on another recently filed petition. See In re
Patton, No. 06-06-00111-CV.

 In addressing Patton's voluminous petition, we have grouped his contentions into
three general categories: 1) those claims previously addressed in his earlier petition,
2) newly raised claims against the trial court, and 3) claims concerning the district clerk's
failure to provide him with certain documents. We now address those categories.

I. PREVIOUSLY ADDRESSED BASES FOR RELIEF

 Patton has reasserted the bases on which he sought relief in his earlier petition: 
1) the trial court's failure to respond to his discovery requests; 2) the trial court's failure to
hold an evidentiary hearing on previous claims of ineffective assistance of counsel; 3) the
trial court's failure to hold evidentiary suppression hearings; 4) the trial court's refusal to
withdraw Patton's conviction; 5) the trial court's refusal to appoint counsel for Patton's
motion for new trial; 6) the trial court's failure to provide an evidentiary hearing on trial
counsel's substandard behavior at trial; and 7) the trial court's failure to comply with
full-faith-and-credit laws of Texas. In his earlier petition, Patton failed to provide this Court
with a record that demonstrated he was entitled to relief on any of the above-referenced
bases. 

 Here, Patton has provided some records in connection with this petition, but those
records still fail to demonstrate that Patton is entitled to mandamus relief as required by
Rules 52.3 and 52.7. See Tex. R. App. P. 52.3, 52.7. Therefore, for the same reasons as
explained in this Court's denial of Patton's earlier petition, we again deny mandamus relief
on these previously addressed bases. 

II. NEWLY RAISED BASES FOR RELIEF

 Patton also urges the following bases for relief in his more recent petition: 1) breach
of fiduciary and ministerial duties by the trial court; 2) defective indictment; 3) insufficient
evidence; 4) improper use of prior conviction(s); 5) fraud; 6) malice and prejudice by the
trial court; 7) erroneous evidentiary rulings by the trial court; 8) bias, hate, and deceit on
the part of one of the State's witnesses (his estranged wife); 9) denial of the right to
question his accuser; 10) denial of rights under Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005); 11) inadequate admonishment by the trial court; and 12) concealment of
material evidence.

A. Noncompliance with Rules of Appellate Procedure

 For the same reasons as those detailed in this Court's opinion in In re Patton, No.
06-06-00111-CV, we similarly deny mandamus relief sought on these bases. That is,
Patton has failed to provide this Court with a record that demonstrates he is entitled to the
relief requested as required by the Rules of Appellate Procedure. See Tex. R. App. P.
52.3, 52.7. A petition for writ of mandamus must set out clearly, fully, and unreservedly,
by direct and positive allegation, every fact necessary to show why the requested relief is
mandated. See Kopeski v. Martin, 629 S.W.2d 743, 745 (Tex. Crim. App. 1982). Patton's
petition fails to do so. 

B. Mandamus Relief Unavailable 

 We add that these claims are not cognizable in a mandamus proceeding. The
Texas Court of Criminal Appeals has expressed a "cautious view" of the mandamus
remedy and, therefore, has consistently held that mandamus relief is available only when
the relator can establish two things: first, that, under the relevant law and facts, he or she
has a clear right to the relief sought, i.e., the act he or she seeks to compel is "ministerial";
and second, that no other adequate remedy at law is available. See State ex rel. Sutton
v. Bage, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992); State ex rel. Holmes v. Klevenhagen,
819 S.W.2d 539, 541 (Tex. Crim. App. 1991).

 1. Ministerial Act/Clear Right to Relief

 The "clear right" element associated with mandamus relief has historically been
stated in terms of requiring that the judicial conduct from which relief is sought be
"ministerial" in nature. See Buntion v. Harmon, 827 S.W.2d 945, 947-48 & n.2 (Tex. Crim.
App. 1992). An act is ministerial "where the law clearly spells out the duty to be performed
. . . with such certainty that nothing is left to the exercise of discretion or judgment." See
Tex. Dep't of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981). An act
is not ministerial if the trial court must weigh conflicting claims or collateral matters which
require legal resolution. See State ex rel. Hill v. Court of Appeals for Fifth District, 34
S.W.3d 924, 927 (Tex. Crim. App. 2001). Mandamus will not issue to compel an act that
is to any degree discretionary or debatable. See State ex rel. Wade v. Mays, 689 S.W.2d
893, 898 (Tex. Crim. App. 1985) (concluding mandamus not available when trial court
required to resolve several separate legal issues before reaching ultimate ruling even when
facts undisputed).

 Here, disposition of the bases on which Patton now seeks a writ of mandamus
would require the trial court's resolution of both legal and factual issues. For instance,
Patton's claims regarding sufficiency of the evidence would call on the application of legal
principles. Further, matters left to the discretion of the trial court, such as the evidentiary
rulings of which Patton complains, are not the proper subject of a writ of mandamus. 

 2. Adequate Remedy

 Again, mandamus is an extreme remedy and will not be granted unless no other
remedy at law exists. See Bage, 822 S.W.2d at 57. Patton pled guilty to a third-degree
felony charge of failure to register as a sex offender. See Tex. Code Crim. Proc. Ann. art.
62.102 (Vernon Supp. 2006). He now attacks this conviction. Under Texas law, the sole
method for a collateral attack on a felony conviction is through an application for a writ of
habeas corpus. The procedure set forth in Article 11.07 of the Texas Code of Criminal
Procedure is the exclusive post-conviction judicial remedy available when the conviction
is final and the applicant is confined by virtue of his or her felony conviction. See Ex parte
Adams, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989); In re Harrison, 187 S.W.3d 199, 200
(Tex. App.--Texarkana 2006, orig. proceeding).

 Because a writ of habeas corpus is a more appropriate vehicle to bring his collateral
attack, Patton has an adequate remedy at law and is not entitled to a writ of mandamus. 
See Harrison, 187 S.W.3d at 200. Consequently, Patton has not shown he is entitled to
mandamus relief on these grounds.

III. CLAIMS CONCERNING THE DISTRICT CLERK

 With respect to Patton's claims regarding the district clerk's failure to provide him
with certain records, we note that we are without jurisdiction to issue a writ of mandamus
against the district clerk of Hopkins County. Under the Texas Constitution, the
intermediate courts of appeals have original jurisdiction ''as may be prescribed by law." 
Tex. Const. art. V, § 6. The law gives an intermediate court of appeals or a justice of a
court of appeals the authority to issue writs of mandamus and all other writs necessary to
enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004). Additionally, a
court of appeals may issue a writ of mandamus against a judge of a district or county court
that is within the court of appeals' district, as well as against a district court judge in the
court of appeals' district who is acting as a magistrate at a court of inquiry under Chapter
52 of the Texas Code of Criminal Procedure. Tex. Gov't Code Ann. § 22.221(b) (Vernon
2004). 

 However, Section 22.221 does not grant us jurisdiction to issue a writ of mandamus
against a district clerk unless such writ is necessary to enforce our jurisdiction in a pending
appeal. (1) See In re Washington, 7 S.W.3d 181, 182 (Tex. App.--Houston [1st Dist.] 1999,
orig. proceeding); In re Coronado, 980 S.W.2d 691, 692 (Tex. App.--San Antonio 1998,
orig. proceeding). (2)

IV. CONCLUSION

 For the above-stated reasons, we conclude that Patton has failed to show that he
is entitled to mandamus relief. We deny Patton's petition for writ of mandamus.



 Donald R. Ross

 Justice


Date Submitted: December 11, 2006

Date Decided: December 12, 2006
1. A district court has original mandamus jurisdiction over other county officials. See
Sheppard v. Thomas, 101 S.W.3d 577, 580 (Tex. App.--Houston [1st Dist.] 2003, pet.
denied). That said, Patton could have sought mandamus relief from the trial court on the
matters relating to the district clerk. The trial court's ruling then may have been appealed
to this Court, as in other cases. See Anderson v. City of Seven Points, 806 S.W.2d 791,
792 n.1 (Tex. 1991); Hart v. Gossum, 995 S.W.2d 958, 960 (Tex. App.--Fort Worth 1999,
no pet.). Patton has not shown that he requested and was denied mandamus relief from
the trial court on such matters.
2. Patton appears to be seeking direct relief from this Court with regard to most of his
complaints concerning the district clerk. At one point in his voluminous petition, however,
he does ask this Court to order the district judge to order the district clerk to provide certain
documents. However, as noted above, we have no record that such documents exist or
that Patton requested such documents or that the district clerk wrongfully refused to
provide them. 



Colorful Grid Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00088-CV

                                                ______________________________

 

 

                                       DERRON MACKLIN,
Appellant

 

                                                                V.

 

                         SAIA MOTOR FREIGHT LINES, INC., Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 276th
Judicial District Court

                                                            Marion County, Texas

                                                          Trial Court
No. 0900015

 

                                                       
                                           

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Appellant,
Derron A. Macklin, filed a notice of appeal August
15, 2011, stating that he was appealing from the trial courts severance and nonsuit order.  We
received the clerks record on September 30. 
It contained only an order of severance. 
On October 3, in accord with Tex.
R. App. P. 42.3, we contacted Macklin by letter informing him that after
a review of the record, there was no final judgment in the severed case and
requested that he show us how we had jurisdiction over the case.  

            Our
jurisdiction is constitutional and statutory in nature.  See
Tex. Const. art. V, § 6; Tex. Govt Code Ann.
§ 22.220 (West 2011).  Unless we are
given specific authority over interlocutory appeals, we have jurisdiction only
over appeals from a final judgment.  Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
A severance order that does not dispose of the parties and claims is a nonappealable interlocutory order.  Balistreri v. Remax Realty, No. 05-10-00611-CV, 2011 WL 149984
(Tex. App.Dallas Jan. 19, 2011, no pet.) (mem. op.);
Beckham Group, P.C. v. Snyder, 315 S.W.3d 244 (Tex. App.Dallas 2010, no pet.); see Diversified Fin. Sys., Inc. v. Hill, Heard, ONeal, Gilstrap &
Goetz, P.C., 63 S.W.3d 795, 795
(Tex. 2001).

            On
October 7, a supplemental clerks record was filed, containing the order of nonsuit.  The order nonsuits only the plaintiff/counter-defendants claims
against Macklin and contains no language expressing an intent to dispose of all
claims and all parties as would be necessary to create a final, appealable
order.  An order of dismissal pursuant to
nonsuit is not a final, appealable order when the
order does not unequivocally express an intent to dispose of all claims and
all parties.  Unifund CCR Partners v. Villa, 299 S.W.3d 92, 96 (Tex. 2009).

            We
again, in accord with Tex. R. App. P.
42.3, contacted Macklin by letter on October 12 concerning the defect regarding
the nonsuit. 
We have received Macklins response, and considered it.  We do not find it to be persuasive.  There is no appealable order or final judgment
before this Court.  

            We
dismiss this appeal for want of jurisdiction.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          November 14, 2011

Date
Decided:             November 15, 2011