In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-040 CV


____________________



IN RE CHARLES M. FARMER






Original Proceeding






 MEMORANDUM OPINION 


 Charles M. Farmer seeks mandamus relief to compel the judge who presided over his
criminal trial to conduct a hearing to determine the accuracy of a reporter's record filed in
his appeal. We affirmed his conviction on appeal and issued our mandate. See Farmer v.
State, No. 09-01-371 CR, 2003 Tex. App. LEXIS 1348 (Tex. App.-Beaumont Feb. 12, 2003,
pet. ref'd) (not designated for publication). In this mandamus petition, Farmer seeks to
obtain a hearing on the accuracy of the record, but the appeal is final regardless of the defects
in the appellate record. Ultimately, Farmer's complaint must be that he was deprived of a
meaningful appeal because the court reporter omitted testimony from the reporter's record. 
Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive means to
challenge a final felony conviction. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
2005); Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist., 910
S.W.2d 481, 483 (Tex. Crim. App. 1995). Because the law provides a vehicle through which
Farmer can raise his complaint about the deficiency in the reporter's record, Farmer is not
entitled to a writ of mandamus. In re Harrison, 187 S.W.3d 199, 200 (Tex. App.-Texarkana
2006, orig. proceeding). For cases where the conviction is final, as here, the appropriate
vehicle to develop the evidentiary record in support of his claims lies in a habeas corpus
proceeding. 

 The petition for writ of mandamus, filed January 19, 2007, is DENIED. 

 PER CURIAM


Opinion Delivered February 1, 2007

Before Gaultney, Kreger, and Horton, JJ.