

# NUMBER 13-13-00135-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ISHMAEL SALAHUDDIN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Ishmael Salahuddin, proceeding pro se, filed a petition for writ of mandamus on March 7, 2013, through which he contends that his judgment of conviction in trial court cause number 03-CR-3826-A in the 28th District Court of Nueces County, Texas, was void because he was denied the "right to self-representation" and denied counsel during the "critical stage" for his competency hearing and psychiatric interview. This Court previously affirmed relator's judgment of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

conviction from this same trial court cause for five counts of attempted capital murder, one count of unlawful possession of cocaine with the intent to deliver, and one count of escape. *See Salahud-din v. State*, 206 S.W.3d 203, 206 (Tex. App.—Corpus Christi 2006, pet. ref'd).[2]

Relator filed a "Motion for Leave to File Writ of Mandamus" along with his petition for writ of mandamus. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.; *see also In re Villa of Harlingen*, No. 13-12-00570-CV, 2012 Tex. App. LEXIS 9503, at *4 n.2 (Tex. App.—Corpus Christi Nov. 2, 2012, orig. proceeding) (mem. op.). Accordingly, relator's motion for leave to file his petition for writ of mandamus is dismissed as moot.

Through this original proceeding, relator seeks to set aside his felony conviction. However, article 11.07 vests jurisdiction over post-conviction relief from otherwise final felony convictions in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Board of Pardons & Paroles ex rel. Keene v. Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The intermediate courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3; 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding); *In re*

---

[2] We note that relator's name is spelled as "Salahud-din" in the appeal and in the sole document attached as an appendix to the instant petition for writ of mandamus: a hand-written transcription of a status hearing in the trial court. Relator spells his name as "Salahuddin" in this proceeding and, accordingly, we do likewise.

*Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this matter. *See In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding). Accordingly, relator's pro se petition for writ of mandamus is DISMISSED FOR LACK OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of March, 2013.