**DENY in Part and DISMISS in Part; Opinion Filed March 25, 2019.**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00289-CV**

**IN RE MUAMAR ASAD SAYYED, Relator**

**Original Proceeding from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-8240-507**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Osborne

Relator was convicted in 2008 of theft of at least $20,000 but less than $100,000. At the time of relator's conviction, Benjamin Smith was the prosecutor on the case. Benjamin Smith is now the presiding judge of the convicting court, the 380th Judicial District Court of Collin County. In this original proceeding, relator complains that orders signed by Judge Smith are void and should be vacated because Judge Smith prosecuted the case. Relator also maintains that his conviction is void because the trial court granted the State leave to amend the indictment on the day of trial by changing the victim's name. As a result of relator's filing of this original proceeding, Judge Smith recused himself from the case on March 4, 2019. In the Order of Recusal, Judge Smith asks that another judge be assigned to hear and determine pending and subsequent matters in the case. Relator asks this Court to grant a writ of mandamus directing the trial court to vacate the orders signed by Judge Smith, vacate the conviction, and render judgment of acquittal. We dismiss this proceeding in part and deny the petition in part.

To the extent relator seeks vacatur of his conviction, we lack jurisdiction to provide that relief. Such a proceeding is a collateral attack on a final conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07. Only the Texas Court of Criminal Appeals has jurisdiction in final, post-conviction felony proceedings. *Id*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals. Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (citing Tex. Const. art. V, § 5).

We deny relator's petition to the extent he complains of post-conviction orders signed by Judge Smith. Mandamus may issue to set aside a lower court order that is void as a matter of law because the court lacks jurisdiction. *In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding) (citing *State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 482 (Tex. Crim. App. 1985)). Here, relator does not specifically state which orders relator contends are void as a result of Judge Smith signing the orders. Relator simply states that Judge Smith has "illegally ruled on" the "numerous writs and motions" filed by relator below. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator included various items in his appendix materials, including non-certified copies of the trial court's on-line docket sheet through November 2, 2018 and the signature page of a document signed by Judge Smith on November 2, 2018 that has "Findings of Fact and Conclusions of Law" in the text of the document's footer. Relator does not, however, specifically complain of the November 2 findings, and no other orders signed by Judge Smith are included in relator's appendix. The Clerk's Record filed by Judge Smith includes the trial court's on-line docket sheet through March 6, 2019. That docket sheet shows that relator filed objections to the findings of fact and conclusions of law on November 20, 2018 and a motion for judgment nunc pro tunc on January 16, 2019. It appears Judge Smith has taken no action on those filings.

Based on the record before us, we are unable to determine which orders, if any, are void. Further, to the extent relator complains of the November 2 findings, the judge appointed to replace Judge Smith as presiding judge over this case should be given the opportunity to rule on relator's objections to the findings and other pending motions before mandamus relief may be granted. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) ("Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act").

Accordingly, we dismiss this proceeding for want of jurisdiction as to relator's request for a writ of mandamus directing vacatur of his conviction and rendition of a judgment of acquittal, and we deny relator's petition to the extent he complains of post-conviction orders signed by Judge Smith.

190289F.P05

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

–3–