

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00047-CR

IN RE WILLIAM ALBERT SCHATTE

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In 2010, William Albert Schatte pled guilty to and was convicted of four counts of aggravated sexual assault of a child and one count of indecency with a child. *Schatte v. State*, No. 06-10-00166-CR, 2011 WL 2112025, at \*1 (Tex. App.—Texarkana May 26, 2011, pet. ref'd) (mem. op., not designated for publication). This Court affirmed his convictions in 2011. *Id.* Now, Schatte files this petition for writ of mandamus seeking a new trial on punishment. We deny Schatte's petition.

It is Schatte's burden to properly request and show his entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To be entitled to mandamus relief, Schatte must demonstrate that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Schatte argues that he is entitled to a new trial on punishment because the trial court failed to require the State to deliver a witnesses' notes to him so that he could properly cross-examine the witness. Schatte fails to demonstrate that the act he seeks to compel is ministerial. Essentially, he seeks another appeal of his final convictions. We have previously held that mandamus is not the proper vehicle for Schatte's challenges. *See In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.— Texarkana 2006, orig. proceeding).

2

Accordingly, we deny Schatte's petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 2, 2019
Date Decided:       April 3, 2019

Do Not Publish