

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00117-CR

---

IN RE JAMIE LEE BLEDSOE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Jamie Lee Bledsoe, proceeding pro se, has filed a petition for writ of mandamus, asking this Court to find that the Honorable Brad Morin, Respondent, failed to follow the procedures for amending an indictment set forth in Articles 28.10 and 28.11 of the Texas Code of Criminal Procedure and that Respondent's failure resulted in the imposition of an illegal sentence on Bledsoe and his subsequent unlawful restraint. We will deny his petition because an application for writ of habeas corpus "is the exclusive post-conviction judicial remedy available when the conviction is final and the applicant is confined by virtue of his or her felony conviction." *In re Harrison*, 187 S.W.3d 199 (Tex. App.—Texarkana 2006, orig. proceeding) (citing *Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989) (orig. proceeding); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.)).

We have previously affirmed Bledsoe's judgment of conviction for burglary of a building, and the Texas Court of Criminal Appeals refused discretionary review of our decision on July 25, 2018. *Bledsoe v. State*, No. 06-17-00174-CR, 2018 WL 2107249, at *1, *5 (Tex. App.—Texarkana May 8, 2018, pet. ref'd) (mem. op., not designated for publication). Therefore, Bledsoe's felony conviction has become final. *See Beal v. State*, 91 S.W.3d 794, 796 (Tex. Crim. App. 2002).

In Texas, a collateral attack on a felony conviction may only be made through an application for writ of habeas corpus. *Harrison*, 187 S.W.3d at 199. The purpose of the writ of habeas corpus is to determine the lawfulness of confinement. *Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989) (orig. proceeding). This is the determination Bledsoe seeks from this

2

Court.  Therefore, Bledsoe must follow the procedure for a felony post-conviction application for writ of habeas corpus set forth in Article 11.07 of the Texas Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. art. 11.07; *see Harrison*, 187 S.W.3d at 199.  Since a writ of habeas corpus is Bledsoe's exclusive remedy to bring this collateral attack, he is not entitled to a writ of mandamus.  *See Harrison*, 187 S.W.3d at 199.

For the reasons stated, we deny Bledsoe's petition for writ of mandamus.


Josh R. Morriss III
Chief Justice

Date Submitted:     June 20, 2019
Date Decided:       June 21, 2019

Do Not Publish

3