

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE: | § | No. 08-19-00205-CR |
|  | § | AN ORIGINAL PROCEEDING |
| ERIC FLORES, | § | IN MANDAMUS |
| Relator. | § |  |
|  | § |  |

### MEMORANDUM OPINION

Relator, Eric Flores, has filed a petition for writ of mandamus against the Honorable Maria Salas-Mendoza, Judge of the 120th District Court of El Paso County, Texas, and against the El Paso County District Clerk. Relator asks that we order the trial court to vacate the sentence imposed in trial court cause number 20110D01621 because it is illegal. The petition for writ of mandamus is denied.

We will first consider Relator's request for mandamus relief against the District Clerk. A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. *See* TEX.GOV'T CODE ANN. § 22.221(b). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id*. § 22.221(a). Thus, we may issue a writ of mandamus to a district clerk only if he or she interferes with the court's jurisdiction. *See id*. at § 22.221(a); *In re Simmonds*, 271 S.W.3d 874, 879 (Tex.App.--Waco 2008, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 95 (Tex.App.--Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.--Houston [1st Dist.] 1999, orig.

proceeding).

In 2017, we affirmed Relator's conviction for burglary of a building, and the Court of Criminal Appeals refused the petition for discretionary review on September 27, 2017. *See Flores v. State*, No. 08-16-00025-CR, 2017 WL 2180705 (Tex.App.--El Paso May 18, 2017, pet. ref'd)(not designated for publication)(trial court cause number 20110D01621). Therefore, Relator's felony conviction is final. *See Beal v. State*, 91 S.W.3d 794, 796 (Tex.Crim.App. 2002). The Court recently dismissed two appeals arising out of cause number 20110D01621. *See Flores v. State*, No. 08-19-00190-CR, 2019 WL 3714184 (Tex.App.--El Paso August 7, 2019, no pet. h.)(mem. op., not designated for publication); *Flores v. State*, No. 08-19-00191-CR, 2019 WL 3714213 (Tex.App.--El Paso August 7, 2019, no pet. h.)(mem. op., not designated for publication). Relator does not allege any facts in his petition showing that the District Clerk interfered with our appellate jurisdiction. Consequently, Relator has failed to show that he is entitled to mandamus relief against the District Clerk.

Turning to the portion of the petition as it relates to the 120th District Court, we note that this is the second original proceeding recently filed by Relator raising the same arguments. *See In re Flores*, No. 08-19-00197-CR, 2019 WL 3315725 (Tex.App.--El Paso July 24 2019, orig. proceeding)(mem. op., not designated for publication)(denying mandamus relief). To be entitled to mandamus relief, a relator must meet two requirements. The relator must establish (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision. *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011)(orig. proceeding). Under Texas law, the sole method for a collateral attack on a felony conviction is through an application for a writ of habeas corpus. *In re Harrison*, 187 S.W.3d 199, 200 (Tex.App.--Texarkana 2006, orig. proceeding). The procedure set forth in

Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the conviction is final and the applicant is confined by virtue of his or her felony conviction as in this case. *In re Harrison*, 187 S.W.3d at 200 (citing *Ex parte Adams*, 768 S.W.2d 281, 287 (Tex.Crim.App. 1989)). The petition for writ of mandamus is denied.


GINA M. PALAFOX, Justice

August 9, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)