

# NUMBER 13-20-00007-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE PATRICK DIXON

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa[1]

Relator Patrick Dixon, proceeding pro se, filed a petition for writ of mandamus in the above cause on January 6, 2020. Through this original proceeding, relator seeks to vacate his judgment of conviction and dismiss the underlying indictment in trial court cause number 13-CR-2580-C in the 94th District Court of Nueces County, Texas. Relator has already challenged this conviction by direct appeal. *See Dixon v. State*, No. 13-14-00493-CR, 2014 WL 5314484, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 16,

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

2014, no pet.) (mem. op. per curiam, not designated for publication); *see also In re Dixon*, No. 13-19-00248-CR, 2019 WL 2281535, at *1 (Tex. App.—Corpus Christi–Edinburg May 29, 2019, orig. proceeding) (mem. op., not designated for publication); *In re Dixon*, No. 13-19-00227-CR, 2019 WL 2167955, at *1 (Tex. App.—Corpus Christi–Edinburg May 17, 2019, orig. proceeding) (mem. op., not designated for publication).   We dismiss relator's petition for writ of mandamus for lack of jurisdiction.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision.   *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding).   If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied.   *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).   It is the relator's burden to properly request and show entitlement to mandamus relief.   *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").   In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3.   The relator must furnish an appendix or record sufficient to support the claim for mandamus relief.   *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

2

Relator's petition for writ of mandamus fails to meet the foregoing requirements and, moreover, represents a collateral attack on relator's felony conviction. "Under Texas law, the sole method for a collateral attack on a felony conviction is through an application for a writ of habeas corpus." *In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding). "Texas courts of appeals only have habeas jurisdiction in situations where a relator's restraint of liberty arises from a violation of an order, judgment, or decree previously made by a court or judge in a civil case." *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding). Thus, courts of appeals do not have original habeas corpus jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

The Texas Code of Criminal Procedure vests original jurisdiction to grant a writ of habeas corpus in a criminal case in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *In re Ayers*, 515 S.W.3d at 356. And, only the Texas Court of Criminal Appeals has jurisdiction to grant relief in final, post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re Williams*, 584 S.W.3d 500, 500 (Tex. App.—Tyler 2018, orig. proceeding) (per curiam); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (per curiam); *In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding); *see also Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig.

proceeding).   Therefore, this Court is without jurisdiction to consider relator's petition insofar as it effectively requests habeas corpus relief.

The Court, having examined and fully considered the petition for writ of mandamus and the limited record provided, is of the opinion that we lack jurisdiction over the relief sought.   Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.


                                                  LETICIA HINOJOSA
                                                  Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of January, 2020.