

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE | § | No. 08-20-00058-CR |
| | § | |
| CHRIS SANCHEZ, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Relator Chris Sanchez, pro se, has filed an application for a writ of mandamus against the 41st District Court of El Paso County, asking this Court to grant him a new trial, or to reverse the judgment of conviction in his criminal case. The writ application should be denied.

Sanchez was convicted of murder. This Court heard Sanchez's direct appeal in 2013 and affirmed his conviction in the 41st District Court in trial court cause number 20090D01202. *See Sanchez v. State*, No. 08-11-00074-CR, 2013 WL 841681 (Tex.App.--El Paso Mar. 6, 2013, no pet.) (not designated for publication). No petition for discretionary review was filed, meaning that Sanchez's conviction is final.

To be entitled to mandamus relief, a relator must meet two requirements. The relator must establish, (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision. *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011) (orig. proceeding).

Under Texas law, the sole method for a collateral attack on a felony conviction is through an application for a writ of habeas corpus. *In re Harrison*, 187 S.W.3d 199, 200 (Tex.App.--Texarkana 2006, orig. proceeding). The procedure set forth in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the conviction is final, and the applicant is confined by virtue of his or her felony conviction as in this case. *Id.* The petition for writ of mandamus is denied.

JEFF ALLEY, Chief Justice

March 20, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)