**DENIED and Opinion Filed March 27, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00288-CV

### IN RE DONALD GENE BLANTON, Relator

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 23078-86**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Evans
Opinion by Justice Molberg

In this original proceeding, Donald Gene Blanton petitions the Court for a writ

of mandamus to compel the trial court to order the State to obey a 2005 pretrial order

directing the State to turn over to relator grand jury transcripts[1] and for this Court or

some other tribunal to conduct a hearing, with a change of venue and appointment of

counsel, regarding his claims that the trial court judge and other officials conspired

---

[1] The appendix to the petition includes an unauthenticated copy of a "Motion to Compel Trial Court Judge to Direct State to Obey Trial Judge Order on Grand Jury Transcripts" that relator contends he filed with the trial court. We interpret relator's petition as requesting mandamus relief to force the trial court to enforce its 2005 pretrial order directly rather than to rule upon his motion to compel. Our determination to deny relief would not change if we interpreted his petition as seeking mandamus to compel a ruling on the motion.

to forge an 11.07 writ application for him without his consent, thus proving his innocence. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition does not contain a certification and thus does not comply with rule 52.3(j). *See id*.; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Moreover, to establish a right to mandamus relief, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached copies of documents to his petition, but most of the copies are not certified or sworn copies and thus are not properly authenticated under the rules of appellate procedure.[2] On the existing record, relator cannot establish that the trial court has violated a ministerial duty and he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Finally, we note that even if relator's petition was properly authenticated and supported by a properly authenticated record, it does not show relator is entitled to mandamus relief. After the trial court's plenary jurisdiction expires, it does not retain general jurisdiction over a case. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (plurality op.). The trial court retains limited jurisdiction to address certain matters such as ensuring that a higher court's mandate is carried out, fact finding on habeas applications, and presiding over post-conviction DNA testing. *Id*. Relator's belated effort to obtain pretrial discovery from the State does not fall within the trial court's limited continuing jurisdiction. *See id*. The hearing relator requests regarding an alleged post-conviction conspiracy would fall within the purview of an 11.07 habeas writ rather than this Court's mandamus jurisdiction. *See generally* TEX.

---

[2] Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding) (mem. op), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must affirmatively show it is based on the affiant's personal knowledge. *See Butler*, 270 S.W.3d at 759. The affidavit or unsworn declaration is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *See id*. To comply with the rules, the affidavit or unsworn declaration must state the affiant has personal knowledge that the copies of the documents in the appendix are correct copies of the originals. *See id*.

CODE CRIM. PROC. ANN. art. 11.07; *In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Amarillo 2006, orig. proceeding) (declining to grant mandamus relief where relator's collateral attack on conviction more appropriately brought as article 11.07 habeas proceeding).

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Ken Molberg//
_____
KEN MOLBERG
JUSTICE

200288F.P05