

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00119-CR

IN RE JAMIE LEE BLEDSOE

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Relator, Jamie Lee Bledsoe,[1] proceeding pro se, has filed a petition for a writ of mandamus, asking this Court to find that the Honorable Brad Morin, Respondent, failed to follow the procedures for amending an indictment, resulting in the imposition of an illegal sentence and his subsequent unlawful restraint.[2]  For the reasons below, we deny Bledsoe's petition for a writ of mandamus.

Bledsoe presented the same claim to this Court in a previous petition for a writ of mandamus.  *See In re Bledsoe*, No. 06-19-00117-CR, 2019 WL 2553301 (Tex. App.—Texarkana June 21, 2019, orig. proceeding) (per curiam) (mem. op., not designated for publication).  We denied his petition because an application for a writ of habeas corpus "is the exclusive post-conviction judicial remedy available when the conviction is final and the applicant is confined by virtue of his or her felony conviction."[3]  *In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding).

It is Bledsoe's burden to prove his entitlement to mandamus relief.  *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se

---

[1]After a jury found Jamie Lee Bledsoe guilty of burglary of a building and made findings that he had two prior felony convictions, thus enhancing his range of punishment, the trial court sentenced him to twenty years' confinement in prison.  Bledsoe filed a direct appeal alleging a variety of complaints.  Finding his appeal to be without merit, this Court affirmed the trial court's judgment on May 8, 2018. *See Bledsoe v. State*, 06-17-00174-CR, 2018 WL 2107249 (Tex. App.—Texarkana, May 8, 2018, pet. denied) (mem. op., not designated for publication).

[2]Citing Articles 28.10 and 28.11 of the Texas Code of Criminal Procedure, Bledsoe argues, in part, that the trial court "abused his discretion in deferred [sic] ruling on another proper objection motion when the State introduce [sic] the unauthorized prior conviction to the juror's [sic] after trial in violation of relator's rights to due process of law."

[3]Bledsoe states he has filed a petition for a writ of habeas corpus and that the Texas Court of Criminal Appeals refused to grant his requested relief.

applicant for writ of mandamus must show himself entitled to the extraordinary relief he seeks."). As with our previous opinion, we have reviewed this petition for a writ of mandamus and, based on the record before us, we conclude Bledsoe has not shown he is entitled to mandamus relief. *See* TEX. R. APP. P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Accordingly, we deny Bledsoe's petition for a writ of mandamus.

Ralph K. Burgess
Justice

Date Submitted:    December 9, 2020
Date Decided:    December 10, 2020

Do Not Publish