COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| IN RE | § | No. 08-20-00185-CR |
|---|---|---|
| JAIME LUEVANO, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |

## MEMORANDUM OPINION

Relator Jaime Luevano, pro se, has filed a petition for a writ of mandamus ordering the Honorable James T. Carter to reopen a writ of habeas corpus and inquiry/examination trial that led to his indictment. Luevano previously filed a petition for writ of mandamus seeking the same relief he seeks in this writ. His petition was denied. *In re Luevano*, No. 08-07-00303-CR, 2007 WL 3120937 (Tex.App.--El Paso Oct. 25, 2007, orig. proceeding) (mem. op., not designated for publication).

To be entitled to mandamus relief, a relator must meet two requirements. The relator must establish (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision. *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011) (orig. proceeding). Based on the record before us, Relator has not established that he is entitled to mandamus relief.

Further, we note that under Texas law, the sole method for a collateral attack on a felony

conviction is through an application for a writ of habeas corpus. *In re Harrison*, 187 S.W.3d 199, 200 (Tex.App.--Texarkana 2006, orig. proceeding). The procedure set forth in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the conviction is final and the applicant is confined by virtue of his or her felony conviction as in this case. *In re Harrison*, 187 S.W.3d at 200.

For these reasons, the petition for writ of mandamus is denied.

JEFF ALLEY, Justice

January 14, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)