# NO. 12-23-00160-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *WILLIAM MICHAEL TALLEY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

William Michael Talley, acting pro se, filed this original proceeding to complain of Respondent's failure to rule on his motion to withdraw plea of guilt and failure to recuse himself from the proceedings against Relator, as well as his counsel's failure to argue for the suppression of certain evidence.[1]  He further complains that his plea was coerced, he did not fully understand the consequences of his plea, and treatment is more appropriate than punishment.

On June 14, 2023, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 9.5, 52.3(a)-(c), (h), (k)(1)(C) and 52.7.  *See* TEX. R. APP. P. 9.5 (service); *see also* TEX. R. APP. P. 52.3 (contents of petition); TEX. R. APP. P. 52.7 (record). The notice warned that the petition would be referred to this Court for dismissal unless Relator provided an amended petition and the record on or before June 26.  We granted Relator's request for an extension to August 25 and a subsequent request to October 24.  Relator filed two supplements, an additional appendix, and an amended petition.  He did not file a record in accordance with Rule 52.7.

---

[1] Respondent is the Honorable Jerald (Dean) Fowler, II, Judge of the 115th District Court in Upshur County, Texas.  The State of Texas is the Real Party in Interest.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). It is a relator's burden to provide this court with a record sufficient to establish the right to extraordinary relief. *See* **In re Daisy**, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to mandamus relief. *See* **In re McCreary**, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Additionally, "[i]f a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." **In re Gomez**, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *see also* **In re Ramos**, 598 S.W.3d 472, 474 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (judge was aware of motion for judgment nunc pro tunc approximately five months before appellate court opinion; thus, judge did not rule on motion within reasonable time); **In re Sayyed**, No. 05-20-00195-CV, 2020 WL 6074117, at *3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op. on reh'g) (at time of October 2020 opinion, respondent had learned of motion on July 1, 2020; thus, reasonable time for ruling had not passed). To obtain a writ of mandamus in this context, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. **In re Molina**, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). A trial court cannot be expected to consider a motion not called to its attention. *See* **In re Chavez**, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

2

Relator provides (1) a file marked copy of a letter to the Upshur County District Clerk's Office, in which he inquired about his motion to withdraw guilty plea, and (2) a file marked copy of a notice of intent to file a writ of mandamus regarding the failure to rule on his motion. A relator's statement that a document was properly filed with the clerk is an insufficient basis from which to reasonably infer that the trial court had notice of that document and the need to act on it. *See **In re Blakeney***, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider motion not called to its attention; even showing motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also **Chavez***, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Even showing that a motion was filed with clerk does not prove the motion was brought to the trial court's attention or was presented to the trial court with a request for a ruling; a clerk's knowledge is not imputed to the trial court. ***Id***.; ***Chavez***, 62 S.W.3d at 228. Relator does not demonstrate any steps taken to ensure that the trial court was afforded or had notice of his motion. *See **Chavez***, 62 S.W.3d at 228. Under these circumstances, Relator has not established his entitlement to mandamus relief. *See **In re Wheeler***, No. 12-18-00127-CR, 2018 WL 2440464, at *1-2 (Tex. App.—Tyler May 31, 2018, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief when relator failed to show that he called motion for DNA testing to respondent's attention).

And with respect to Relator's other contentions, the record indicates that sentence was imposed on November 28, 2022 for the felony offense of possession of a controlled substance with intent to deliver, habitual offender. The sole method for a collateral attack on a felony conviction is through an application for a writ of habeas corpus. ***In re Harrison***, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding); *see **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art 11.07 (West 2005). To the extent Relator raises challenges related to his conviction, Relator's petition for writ of mandamus is an improper collateral attack on his criminal conviction. *See **In re Ray***, No. 12-19-00022-CR, 2019 WL 302666, at *1 (Tex. App.—Tyler Jan. 23, 2019, orig. proceeding) (per curiam) (mem. op., not designated for publication) (dismissing for want of jurisdiction mandamus petition that improperly collaterally attacked criminal conviction); *see also **In re Tutson***, No. 07-17-00405-CV, 2017 WL 5185124 at *2 (Tex. App.—Amarillo Nov. 7,

3

2017, orig. proceeding) (mem. op.) ("a felony conviction is not subject to a collateral attack by means of a writ of mandamus"); *Harrison*, 187 S.W.3d at 200.

For the above reasons, the petition for writ of mandamus is **denied in part** and **dismissed in part for want of jurisdiction**.

Opinion delivered October 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2023**

**NO. 12-23-00160-CR**

**WILLIAM MICHAEL TALLEY,**
Relator
V.

**HON. JERALD (DEAN) FOWLER II,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by William Michael Talley; who is the relator in appellate cause number 12-23-00160-CR and the defendant in trial court cause number 19238, formerly pending on the docket of the 115th Judicial District Court of Upshur County, Texas. Said petition for writ of mandamus having been filed herein on June 14, 2023, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction and the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied in part** and **dismissed in part for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*