

# NUMBER 13-25-00142-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE SAMMY SAENZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West[1]**

By pro se petition for writ of mandamus, relator Sammy Saenz seeks to compel the trial court to delete a deadly weapon finding in his judgment of conviction because it was not alleged in the indictment. Specifically, relator contends that the indictment stated that relator used a stun gun as a deadly weapon while committing aggravated assault, family violence, yet relator's judgment of conviction states that relator used "a firearm" in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

the commission of the offense. *See* TEX. PENAL CODE ANN. § 22.02(b)(1). We dismiss the petition for writ of mandamus for want of jurisdiction.

Relator's petition for writ of mandamus reflects that he seeks relief from a final felony conviction. However, only the Texas Court of Criminal Appeals has jurisdiction to grant relief in post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding); *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re Williams*, 584 S.W.3d 500, 500 (Tex. App.—Tyler 2018, orig. proceeding) (per curiam); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (per curiam); *In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding); *see also In re Webb*, No. 01-21-00246-CR, 2021 WL 3160183, at *1 (Tex. App.—Houston [1st Dist.] July 27, 2021, orig. proceeding) (mem. op, not designated for publication) (per curiam) ("The exclusive jurisdiction of the court of criminal appeals to grant post-conviction relief extends to attempts to delete deadly weapon findings.").

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this original proceeding. Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of March, 2025.

2